**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| AYODEJI OSHIKOYA, individually | ) | Civil Action No. _____ |
| and on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMAND** |
| | ) | |
| LEIDOS HEALTH, LLC, | ) | |
| Defendant. | ) | |
| _____ | ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Ayodeji Oshikoya ("Plaintiff" or "Oshikoya"), through his undersigned counsel, individually and on behalf of all others similarly situated, file this Class and Collective Action Complaint against Defendant Leidos Health, LLC ("Defendant" or "Leidos"). Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and Pennsylvania state law, seeking payment of back wages, including unpaid overtime wages in violation of state law. Plaintiff and the class members also seek their liquidated damages for the failure to pay wages, attorneys' fees and costs.

2.      Plaintiff alleges that he and other similarly situated consultants were knowingly and improperly classified as independent contractors, and, as a result, did not receive overtime pay for hours worked in excess of forty (40) in a workweek. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391, since Defendant maintains offices within this judicial district, in Reston, Virginia, and a substantial part of the events giving rise to Plaintiff's and Class Members' claims occurred within this judicial district. Plaintiff and other Class Members performed work for Leidos in Indianapolis, Indiana, in this judicial district, and were paid pursuant to Leidos' unlawful pay policy in this judicial district, and Leidos routinely conducts business in this judicial district.

## PARTIES

4.      Plaintiff Ayodeji Oshikoya is an individual residing in Grand Prairie, Texas. Oshikoya worked for Defendant as a consultant providing support and training to Leidos' clients in using a new recordkeeping system at hospitals in Indiana, Michigan, North Carolina, and Pennsylvania between January 2013 and June 2016. Pursuant to 29 U.S.C. § 216(b), Oshikoya has consented in writing to participate in this action. *See* Exhibit A.

5.      Defendant Leidos Health, LLC ("Defendant" or "Leidos") is a Delaware limited liability company providing information technology educational services for the healthcare industry across the country. Leidos maintains its principal office at 11951 Freedom Drive, Reston, Virginia.  Leidos Health, LLC's registered agent is CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, Indiana, 46204.

6.       Leidos employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

7.       Leidos' annual gross volume of sales made or business done exceeds $500,000.

## CLASS DEFINITIONS

8.       Plaintiff brings Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential FLSA opt-in litigants:

> All individuals who worked for Leidos providing training and support to Leidos' clients in using electronic recordkeeping systems in the United States from August 7, 2014 to the present and were classified as independent contractors (the "FLSA Class").

9.       Plaintiff brings Count II of this lawsuit pursuant to Fed. R. Civ. P. 23 on behalf of himself and the following class:

> All individuals who worked for Leidos providing training and support to Leidos' clients in using electronic recordkeeping systems in Pennsylvania from August 7, 2014 to the present and were classified as independent contractors (the "Pennsylvania Class").

10.       The FLSA Class and the Pennsylvania Class are together referred to as the "Classes."

11.       Plaintiff reserves the right to redefine the Classes prior to notice and class certification, and thereafter, as necessary.

## FACTS

12.       As a leading healthcare information technology firm, Leidos provides training and support to medical facilities in connection with the implementation of new electronic

recordkeeping systems. Leidos employs consultants, such as Oshikoya, who perform such training and support services throughout the United States.

13.     Leidos' financial results are significantly driven by the number of consultants performing training and support services for Leidos' customers, and the fees that Leidos charges the customers for these services.

14.     Between January 2013 and June 2016, Oshikoya was assigned by Leidos to provide educational and support services to healthcare staff at Franciscan Health in Indianapolis, Indiana; Bronson Methodist Hospital in Kalamazoo, Michigan; Novant Health in Winston-Salem, North Carolina; University of North Carolina Hospital in Chapel Hill, North Carolina; and Allegheny Health Network in Pennsylvania.

15.     Prior to December 2014, Oshikoya was classified as a non-exempt W-2 employee, and was paid time-and-a-half for all hours worked in excess of 40 a week.

16.     Between December 2014 and June 2016, Oshikoya was classified as an independent contractor and was paid solely on a straight hourly basis for hours worked in excess of forty a week.  Oshikoya was paid only for the time billed to Leidos' customers, NOT for all overtime hours actually worked.

17.     Leidos improperly, wrongfully and illegally classified Plaintiff and Class Members as independent contractors, when the economic reality of their position is that of an employee, and Leidos retains the right of control, and, in fact, actually does control their work.

**Plaintiff and Members of the Classes are Employees as a Matter of Economic Reality**

18.     The Department of Labor's Wage and Hour Division ("WHD") Administrator's Interpretation No. 2015-1 provides "guidance regarding the application of the standards for determining who is an employee under the Fair Labor Standards Act [FLSA] ... to the regulated

community in classifying workers and ultimately in curtailing misclassification." U.S. Dep't of Labor, Wage & Hour Div., Admin.'s Interpretation No. 2015-1, 1 (July 15, 2015). According to the WHD, "most workers are employees under the FLSA's broad definitions." *Id.* Plaintiff and Class Members qualify as employees under the FLSA's test, as further described below.

19.     Work performed by Plaintiff and Class Members is an integral part of Leidos' business. Leidos is in the business of providing information technology educational services to the healthcare industry. Plaintiff and Class Members provide support and training to Leidos' clients in connection with the implementation of electronic recordkeeping systems.

20.     Plaintiff's and Class Members' duties do not involve managerial work. They follow the training provided to them by Leidos in performing their work, which is basic training and support in using electronic recordkeeping systems.

21.     Plaintiff and Class Members do not make any significant relative investments in relation to their work with Leidos. Leidos provides the training and equipment required to perform the functions of their work.

22.     Plaintiff and the Class Members have little or no opportunity to experience a profit or loss related to their employment. Leidos pays Plaintiff and the Class Members a fixed hourly rate. Plaintiff and the Class Members do not share in Leidos' monetary success; their income from their work is limited to their hourly rate.

23.     Plaintiff's and Class Members' work does not require special skills, judgment or initiative. HCI provides training to Plaintiff and Class Members, which they use to provide training and support to Leidos' clients.

24.     Plaintiff and Class Members are economically dependent on Leidos. Plaintiff and Class Members are entirely dependent upon Leidos for their business, as they are not permitted to perform services for any other company during their time working for Leidos.

25.     Plaintiff and Class Members are not customarily engaged in an independently established trade, occupation, profession or business.

26.     Plaintiff and Class Members typically enter into successive projects for Leidos.  For example, Plaintiff worked on seven successive projects for Leidos.

27.     Plaintiff and Class Members have little or no authority to refuse or negotiate Leidos' rules and policies; they must comply or risk discipline and/or termination.

28.     Leidos instructs Plaintiff and Class Members concerning how to do their work and dictates the details of the performance of their jobs. For example:

a. Leidos, not Plaintiff or Class Members, conducts all of the billing and invoicing to Leidos' clients for the work. Leidos bills the third-party customers directly;

b. Plaintiff and Class Members have no control over what prices to charge, or the scheduling of shifts. All negotiations over the cost of the work are done directly between Leidos and the third-party client;

c. Leidos requires Plaintiff and Class Members to work the entire project from inception to conclusion;

d. Leidos provides all training needed for Plaintiff and Class Members to perform their work; and

e. Leidos requires Plaintiff and Class Members to perform in accordance with Leidos' policies, manuals, standard operating procedures and the third-party client's requirements.

29. Plaintiff and Class Members often work approximately twelve (12) hours per day, seven (7) days per week.

30. Plaintiff and Class Members have to request Leidos' approval for time off. Leidos has the discretion to grant or deny such requests.

**Plaintiff and Members of the Classes are not Exempt as "Computer Employees" under the FLSA**

31.     Plaintiff and Members of the Classes provide support and training to hospital staff in connection with electronic recordkeeping systems. Plaintiff has no specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs. Plaintiff and Members of the Classes were not working as, nor were they similarly skilled as computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a).

32.     Plaintiff's and Class Members' primary duties consisted of training and aiding healthcare staff with using the new recordkeeping software. This type of user support is also known as "at the elbow." Plaintiff's and Class Members' primary duties did not include the higher skills of the "application of systems analysis techniques and procedures," pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiff and Members of the Classes did not analyze, consult or determine hardware, software programs or any system functional specifications for Leidos' clients. *See id.*

33.     Plaintiff and Members of the Classes did not consult with Leidos' customers to determine or recommend hardware specifications. Plaintiff and Members of the Classes did not design, develop, document, analyze, create, test or modify a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2).

34.     While Plaintiff's and Class Members' "work was highly dependent upon, or facilitated by, the use of computers and computer software programs;" they were not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiffs and Members of the Classes provided support and training in using electronic recordkeeping systems to Leidos' clients.

**Plaintiff and Members of the Classes Routinely Worked in Excess of 40 Hours a Week**

35.     Plaintiff and Members of the Classes routinely worked in excess of forty (40) hours per workweek, but were not paid overtime compensation as required by the FLSA.

36.     Plaintiff and Members of the Classes were often required to work twelve (12) hours a day, seven (7) days a week.

37.     For instance, while working for Leidos in Kalamazoo, Michigan, in January-February, 2015, Oshikoya and the other consultants worked, on average, twelve (12) hours a day, seven (7) days a week. Oshikoya was paid only a straight hourly rate during this time.

38.     Although Plaintiff and Members of the Classes frequently were required, permitted, or encouraged to work more than forty (40) hours per week, starting in December 2014, Leidos failed to pay them one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week, as required by the FLSA and Pennsylvania law.

39.     Instead, between December 2014 and the present, Plaintiff and Members of the Classes were paid a straight hourly rate for hours that they worked, regardless of whether they worked more than forty (40) hours in a week. Plaintiffs and Members of the Classes were not paid on a salary basis.

**Leidos Willfully Violated the FLSA**

40.     Leidos and its senior management had no reasonable basis to believe that Plaintiff and the members of the FLSA Class were exempt from the requirements of the FLSA. In fact, prior to December 2014, Plaintiff was classified as a non-exempt W-2 employee, and was paid time-and-a-half for all hours worked in excess of 40 a week.  Rather, Leidos either knew or acted with reckless disregard of clearly applicable FLSA provisions in classifying Plaintiff and the FLSA Class as independent contractors and failing to pay them overtime. Such willfulness is demonstrated by, or may be reasonably inferred from, Leidos' actions and/or failures to act, including the following:

   a.   At all times relevant hereto, Leidos maintained payroll records which reflected the fact that Plaintiff and the FLSA Class did, in fact, regularly work in excess of 40 hours per week, and thus, Leidos had actual knowledge that Plaintiff and the FLSA Class worked overtime;

   b.   At all times relevant hereto, Leidos knew that it did not pay Plaintiff and the FLSA Class one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

   c.   As evidenced by its own job offer letters and training materials for consultants, at all times relevant hereto, Leidos was aware of the nature of the work performed by its consultants, and, in particular, that such individuals worked exclusively at-the-elbow of healthcare workers employed by Leidos' clients, providing basic training and support;

   d.   As evidenced by its own job offer letters and training materials for consultants, Leidos knew and understood that it was subject to the wage requirements of the

FLSA as an "employer" under 29 U.S.C. § 203(d).

e.  At all times relevant hereto, Leidos was aware that its consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

f.  Leidos lacked any reasonable or good faith basis to believe that its consultants fell within any exemption from the overtime requirements of the FLSA. Rather, Leidos deliberately misclassified its consultants as exempt from the provisions of the FLSA in order to avoid paying them overtime compensation to which they were entitled;

g.  At all times relevant hereto, Leidos was aware that it would (and, in fact did) benefit financially by failing to pay Plaintiff and the FLSA Class one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week; and

h.  Thus, Leidos had (and has) a strong financial motive to violate the requirements of the FLSA by misclassifying its consultants as exempt.

41.  Based upon the foregoing, Leidos was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

42.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

43.     Plaintiff desires to pursue his FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

44.     Plaintiff and the FLSA Class Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to Leidos' common business and compensation practices as described herein, and, as a result of such practices, have been misclassified as independent contractors and have not been paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Leidos' common misclassification, compensation and payroll practices.

45.     The FLSA requires non-exempt hourly employees to be compensated at a rate of 1.5 times the regular hourly rate for all hours worked over 40 in a week.

46.     Between December 2014 and the present, Leidos misclassified Plaintiffs and FLSA Class Members as independent contractors and only paid them a regular hourly rate ("straight time") for hours over forty and only for hours actually billed to Leidos' clients.

47.     The similarly situated employees are known to Leidos, are readily identifiable, and can easily be located through Leidos' business and human resources records.

48.     Leidos employs many FLSA Class Members throughout the United States.  These similarly situated employees may be readily notified of this action through U.S. Mail and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of

collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

49.     Plaintiff brings Count II of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the Pennsylvania Class defined above.

50.     The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

51.     Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

52.     There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether Leidos has violated and continues to violate Pennsylvania law through its policy or practice of misclassifying consultants as independent contractors, and thereby failing to pay them overtime compensation.

53.     Plaintiff's claims are typical of the claims of the Pennsylvania Class Members in the following ways, without limitation: (a) Plaintiff is a member of the Pennsylvania Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d)

there are no conflicts between the interests of Plaintiff and the Pennsylvania Class Members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class Members.

54.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class Members.

55.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class Members are readily identifiable from Leidos' own records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class Members that would establish incompatible standards of conduct for Leidos.

56.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class Members, while substantial, are not great enough to enable them to maintain separate suits against Leidos.

57.     Without a class action, Leidos will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class. Plaintiff envisions no difficulty

in the management of this action as a class action.

## COUNT I
### FLSA – Overtime Wages
### (On Behalf of Plaintiff and the FLSA Class)

58.     All previous paragraphs are incorporated as though fully set forth herein.

59.     The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

60.     Leidos is subject to the wage requirements of the FLSA because Leidos is an "employer" under 29 U.S.C. § 203(d).

61.     At all relevant times, Leidos has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

62.     During all relevant times, Plaintiff and the FLSA Class Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

63.     Plaintiff and the FLSA Class are not exempt from the requirements of the FLSA.

64.     Plaintiff and the FLSA Class Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

65.     Between December 2014 and the present, Leidos, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff and the FLSA Class members for all their overtime hours worked by misclassifying Plaintiff and the FLSA Class as independent contractors, thereby exempting them from the requirements of the FLSA.

66.     Leidos knowingly failed to compensate Plaintiff and the FLSA Class Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of

forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

67.    In violating the FLSA, Leidos acted willfully and with reckless disregard of clearly applicable FLSA provisions.

68.    In violating the FLSA, on information and belief, Leidos did not have any good faith basis to rely on any legal opinion or advice to the contrary.

## COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### (On Behalf of Plaintiff and the Pennsylvania Class)

69.    All previous paragraphs are incorporated as though fully set forth herein.

70.    The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

71.    Leidos is subject to the overtime requirements of the PMWA because Leidos is an employer under 43 P.S. § 333.103(g).

72.    During all relevant times, Plaintiff and the Pennsylvania Class members were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

73.    Leidos' compensation scheme that was applicable to Plaintiff and the Pennsylvania Class members between December 2014 and the present failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code § 231.41.

74.    The PMWA does not contain an exemption from overtime pay for any type of computer employees.  *See* 43 P.S. § 333.105.

75.    Leidos failed to compensate Plaintiff and the Pennsylvania Class Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40)

hours per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

76.    Pursuant to 43 P.S. § 333.113, employers, such as Leidos, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff seeks the following relief on behalf of himself and the Members of the Classes:

a.   An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b.   Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Class;

c.   An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

d.   An order appointing Plaintiff's attorneys as Class Counsel;

e.   Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

f.   Liquidated damages to the fullest extent permitted under the law;

g.   Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

h.   Such other and further relief as this Court deems just and proper.

Dated:  August 7, 2017          Respectfully submitted,
                                AYODEJI OSHIKOYA, individually and on
                                behalf of others similarly situated

16

/s/ Andrew J. Guzzo
Kristi C. Kelly, VSB No. 72791
Andrew J. Guzzo, VSB No. 82170
Kelly & Crandall PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
703-424-7572
Fax:  703-591-0167
Email:  kkelly@kellyandcrandall.com
Email:  aguzzo@kellyandcrandall.com

David M. Blanchard*
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: 734.929.4313
blanchard@bwlawonline.com

Sarah R. Schalman-Bergen (PA 206211)*
Eric Lechtzin (PA 62096)*
Camille Fundora (PA 312533)*
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
sschalman-bergen@bm.net
elechtzin@bm.net
cfundora@bm.net

Harold Lichten (Mass. BBO # 549689)*
Olena Savytska (Mass. BBO # 693324)*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com

*Attorneys for Plaintiff
and the Proposed Classes*

*\*Application for admission to be filed*

17